UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-05-346-1 |
| | § | (CIVIL ACTION NO. C-12-90) |
| GEORGE LUIS ROCHA; aka OLGIN; aka | § | |
| DOGMAN | | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant George Luis Rocha's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 671. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 RULES). For the reasons stated herein, the Court denies Rocha's motion and denies him a certificate of appealability.

## I. PROCEDURAL BACKGROUND

Rocha was convicted based upon his guilty plea to the charge of Conspiracy to Possess with Intent to Distribute More than 1000 Kilograms of Marijuana. D.E. 479. He was sentenced in September 2006 to 235 months in the Bureau of Prisons, 5 years supervised release, a fine of $10,000, and a special assessment of $100. Id. At sentencing, Rocha was held responsible for 10,000 kilograms of marijuana. D.E. 548 at 10.

In April 2009, more than 2 years after sentencing, Rocha filed a motion to vacate pursuant to 28 U.S.C. § 2255, which this Court dismissed on the grounds that Rocha waived his right to file the motion and that it was untimely. D.E. 617, 619 at 6-8. Additionally, the Order

denied Rocha a Certificate of Appealability. Rocha has filed numerous motion (13, not including the present motion) in the years following his 2009 motion to vacate, and filed several appeals.

## II.  MOVANT'S CLAIMS

Rocha raises three claims in his present motion, first that the government violated the plea agreement because Rocha was sentenced with enhancements that were not part of the agreement. D.E. 671 at 6. His second claim is that counsel was ineffective because counsel received a substantial fee, was not a member of the Bar Association, and then did a plea agreement. Id. at 9. Rocha's third claim is that there was a significant sentencing disparity between Rocha's sentence of 235 months and the sentences his co-defendants received. Id. at 11. Rocha does not address the timeliness of his motion.

## III.  SECOND OR SUCCESSIVE § 2255 MOTION

Rocha filed a previous motion to vacate, set aside or correct his sentence in 2009 in which he raised other claims. That motion was denied as untimely and on the grounds that Rocha waived his right to file the motion. His current motion is both untimely and is a second or successive motion.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Rocha's motion does not indicate that he has sought or obtained such permission. Accordingly, his motion to vacate, set aside or correct sentence (D.E. 671) is DENIED as second or successive.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rocha has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Rocha cannot establish at least one of the _Slack_ criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Rocha's motion (D.E. 671) is DENIED as second or successive. Additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 26th day of March, 2012.

_____
Janis Graham Jack
Senior United States District Judge